# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTONIO HERNANDEZ, ) | |
| Plaintiff, ) | CIVIL ACTION NO.: 1:24-cv-7558 |
| ) | |
| v. ) | |
| ) | |
| DESIGNER BRANDS, INC., ) | JURY TRIAL DEMANDED |
| D/B/A DSW DESIGNER SHOE ) | |
| WAREHOUSE, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff ANTONIO HERNANDEZ ("Plaintiff") by and through its attorneys Bochner PLLC, hereby files its Complaint against Defendants DESIGNER BRANDS, INC., D/B/A DSW DESIGNER SHOE WAREHOUSE ("Defendant") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for negligence for personal injuries that Plaintiff sustained when he tripped in fell at a DSW Warehouse in the Bronx, New York.

2. Plaintiff seeks damages in excess of $75,000.00.

## PARTIES

3. Plaintiff Antonio Hernandez is and at all times hereinafter mentioned was an individual residing in Burlington, North Carolina.

4. Upon information and belief, Defendant is an Ohio corporation, formed under the laws of Ohio and does business all over the United States including Columbus, Ohio.

5. Defendant is headquartered in Columbus, Ohio.

## JURISDICTION AND VENUE

6. Plaintiff is a citizen of the State of North Carolina. Upon information and belief, Defendant is a citizen of the State of Ohio and headquartered in the state of Ohio. The amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court also has personal jurisdiction over Defendants because the incident giving rise to this action within occurred within New York and within this District. Defendant markets, sells, and/or offers for sale its products and services to and within New York. Therefore, Defendant has established minimum contacts with this forum. Defendant also, upon information and belief, regularly conducts business in this forum, engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided in this District and in New York, demonstrating that Defendant has purposefully established substantial, continuous and systematic contacts with New York.

8. The exercise of personal jurisdiction comports with Defendant's right to due process because it has purposefully availed itself of the privilege of conducting activities within the Southern District of New York, such that it should reasonably anticipate being hailed into court here.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1332 at least because Defendant is subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

10. Plaintiff is a 76-year-old family man with three kids who has been married for 56 years.

11. In May 2024, Plaintiff was in the Bronx, New York.

12. During his visit, on May 17, 2024, Plaintiff, together with his wife and daughter, went shoe shopping at DSW Designer Shoe Warehouse located at 2134 Bartow Ave, Bronx, NY 10475.

13. Defendant owns and operates the DSW Designer Shoe Warehouse located at 2134 Bartow Ave, Bronx, NY 10475.

14. The store was in chaotic disarray, the floor crowded with obstructions, and shoes were strewn about the floor of Defendant's store.

15. Browsing for shoes, Plaintiff tripped and fell over a bench located in the middle of the walkway through no fault of his own.

16. The obstruction was not apparent to Plaintiff and could not have been apparent to Plaintiff due to the unsafe location of the bench and general hazardous condition of the store.

17. As a result of the fall caused by Defendant's unsafe practices, Plaintiff fell on his head and shoulder, scraped his knee and forehead, and broke his glasses.

18. Plaintiff suffered injuries to his head, shoulder, knee, and forehead, including a shoulder fracture requiring surgery.

19. Plaintiff now seeks recovery for the personal injuries he suffered at Defendant's store.

## COUNT I:  Negligence

20. Plaintiff realleges paragraphs 1-19 as if fully set forth herein.

21. As a business invitee, Defendant owed Plaintiff a duty to keep its premises clear of hazards that could cause injury.

22. Defendant breached the duty owed to Plaintiff when Defendant maintained its store in disarray and placed its benches in the middle of a walking path.

23. But for Defendant's negligence, Plaintiff would not have sustained his injuries.

24. It is reasonably foreseeable that the condition of the store and the placement of the bench in a walking path would cause serious injury.

25. As a result of Defendant's negligence, Plaintiff suffered serious injury to, at minimum, his shoulder—including a shoulder fracture—head, and knees.

26. Accordingly, Plaintiff seeks damages for his physical injuries and emotional and mental injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a judgment against Defendant as follows:

A. compensatory damages in an amount to be determined following a trial in this action, but in any event exceeding $75,000.00, and other damages adequate to compensate Plaintiff for his injuries;

B. attorneys' fees and costs associated with this action;

C. and any other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: October 4, 2024
      New York, New York

                                      By: <u>*/s/ Edward Andrew Paltzik*</u>
                                            Edward Andrew Paltzik, Esq.
                                            Bochner PLLC
                                            1040 Avenue of the Americas
                                            15th Floor
                                            New York, New York 10018
                                            (516) 526-0341
                                            edward@bochner.law
                                            *Attorneys for Plaintif*